## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISCTRICT OF GEORGIA
## ATLANTA DIVISION

THE MEADOWS UNIT OWNERS'         )
ASSOCIATION, INC., on its own    )
behalf and on behalf of its members,   )
                                 )
          Plaintiff,             )        CIVIL ACTION FILE
                                 )        NO. 1:23-cv-02161-TCB
v.                               )
                                 )
ALLIED INSURANCE COMPANY         )
OF AMERICA,                      )
                                 )
          Defendant.             )
                                 )

## MOTION TO STRIKE PLAINTIFF'S MOTION
## TO MODIFY AND LIMIT SUBPOENAS

Defendant Allied Insurance Company of America ("Allied") moves to strike Plaintiff's Motion to Modify and Limit Subpoenas to Sixes Management Group, LLC, and Shields Engineering Group, and Motion to Quash Subpoena to Art Boutin as procedurally deficient. (Doc. 29.) Plaintiff has blatantly disregarded the federal rules not conferring with Allied at all, let alone in good faith. Even worse, Plaintiff has outright ignored Judge Batten's standing order for resolving discovery disputes. The improperly-filed motion should be struck as a result.

## FACTS

Plaintiff filed this action to recover insurance benefits based on alleged hail damage to its property. (Doc. 10.) Because hail damage within the policy period is

central to the resolution of this matter, Allied served document subpoenas on non-parties identified during discovery, with a return date of September 25, 2023. (Doc. 29-1.) Three of the parties were Plaintiff's real estate management company (Sixes Management Group, LLC ("Sixes")) and two experts identified during discovery: Shields Engineering Group ("Shields") and Art Boutin. (*Id.*)

As a courtesy, Allied emailed copies of the subpoenas to Plaintiff on August 25, 2023, in advance of service. (Doc. 29-4, p. 2; Doc. 29-1, p. 1, *ff.*) Yet Plaintiff sat on their objections without even attempting to contact Allied at any time. Instead, Plaintiff waited until 6:26 P.M. on Friday, September 15—less than one business day before the due date for producing documents—to file their motion asserting objections for the first time to the subpoenas to Sixes and its experts. (Doc. 29.) Plaintiff has thus flouted the fundamental rules in federal court and Judge Batten's standing order that are conditions precedent to filing their motion. To avoid a mockery of the rules, Plaintiff's motion should be struck as explained below.

## **ARGUMENT AND CITATION OF AUTHORITY**

Federal Rule of Civil Procedure 26(c)(1), which governs protective orders, states clearly that "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." The courts routinely enforce this requirement by rejecting motions filed by litigants who flout this critical step in the

discovery process. *Randstad Gen. Partner (US), LLC v. Beacon Hill Staffing Grp. LLC*, No. 1:19-CV-1655-ODE, 2020 WL 10460621, at *8 (N.D. Ga. Mar. 18, 2020); *Razor-Munson v. Home Depot U.S.A., Inc.*, No. 1:12-CV-2305-WSD-RGV, 2013 WL 5606662, at *3 (N.D. Ga. Oct. 11, 2013); *Gordon v. Mortg. Elec. Registration Sys. Inc.*, No. CV410-228, 2011 WL 2457495, at *1, n.1 (S.D. Ga. June 16, 2011).

In addition, Judge Batten's standing order is even stricter by requiring litigations to confer with the opposing party "in a good-faith effort to resolve the dispute by agreement" "prior to filing *any* motion related to discovery, including but not limited to … a motion to quash a subpoena." (https://www.gand.uscourts.gov/sites/gand/files/TCB_Instructions.pdf, p. 12. (emphasis added). Judge Batten's order details the procedure as follows:

> [T]he movant--*after conferring with the respondent in a good-faith effort to resolve the dispute by agreement*--must send Ms. Wiggins (with a copy to all counsel of record) a one-page email summarizing the dispute and the relief sought. If the matter is time-sensitive, the movant should make that clear in the email. Ms. Wiggins will then instruct the respondent the deadline by which it may submit to her a one-page email response (with a copy to all counsel of record). Ordinarily, after Ms. Wiggins receives the response, she will schedule a conference call in which the Court will attempt to resolve the matter without the necessity of a formal motion; a court reporter will be provided by the Court to take down the conference call. However, the Court may choose to issue an order resolving the dispute without a conference call.

(*Id.*, pp. 12-13.) This procedure applies expressly to non-parties as well, with the movant (here, Plaintiff) having the following obligations:

> In addition, if any party has a dispute with a non-party (e.g., regarding a subpoena), the party and the non-party must follow these instructions, and the party must promptly inform the non-party of this discovery-dispute policy. If the non-party requires the Court's involvement in resolving the dispute, it should not file a motion, but rather, should follow the procedure detailed in the two preceding paragraphs.

(*Id.*, p. 13.)

Plaintiff has not even tried to meet *any* of these procedural prerequisites in a blatant disregard for the rules. Indeed, *twenty-one days* passed between Plaintiff's receipt of the emailed subpoena packets on August 25, 2023 and Plaintiff's motion on September 21, 2023. At no point during that extended period did Plaintiff even attempt to reach Allied to voice any concern with the subpoenas. Instead, Plaintiff waited until after business hours on the Friday evening before the documents were due to unilaterally file its motion, flying past the requirements of the federal rules and Judge Batten's standing order in the process.

Plaintiff can hardly claim ignorance of these requirements as it sent a "good faith" discovery letter to address perceived inadequacies in Allied's discovery responses. (Exhibit.) Plaintiff 's decision not to engage Allied with respect to the subpoenas and instead wait until the evening before the documents were due is thus a calculated decision to directly and unfairly prejudice Allied. Despite having been provided ample time to confer with Allied, Plaintiff just happened to file the motion on the precise day (September 15) that its expert disclosure on hail damage was due. (Doc. 20.) Thus, apart from the time running for Allied to disclose a response expert

on hail damage (*id.*), Allied must simultaneously respond to a motion for the experts' files while at the same time deposing the experts and developing responsive opinions from its own expert.

In deliberately choosing this course of action, Plaintiff has failed egregiously to act in good faith in shocking disregard for established rules and policies. Those rules and policies are in place to prevent this exact type of opportunistic and untoward behavior which only serves to impede the ultimate resolution of the matter. Given the blatant disregard Plaintiff has shown for this court's rules, and to prevent this type of behavior as this lawsuit moves forward, the Court should strike Plaintiff's improperly filed motion.

## **CONCLUSION**

Allied's motion to strike Plaintiff's motion to modify and limit and to quash should be granted. [1]

[*signature on following page*]

---

[1] If need be, Allied will respond to the substance of Plaintiff's motion which among other things seeks to withhold evidence under a purported "work product" privilege even though no privilege log was provided as further required by the rules. *See Kemper v. Equity Ins. Co.*, No. 1:15-CV-2961-TCB, 2016 WL 7428215, at *4 (N.D. Ga. Apr. 29, 2016) (Batten, J.) ("A party may waive protection for privileged documents or documents that constitute work product where the party fails to provide a privilege log.")

This 22nd day of September, 2023.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Philip W. Savrin*

Philip W. Savrin

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

Georgia Bar No. 627836
psavrin@fmglaw.com
Adam P. Reichel
Georgia Bar No. 377812
adam.reichel@fmglaw.com

- 6 -

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify, pursuant to Local Rule 7.1(D), that the **MOTION TO STRIKE PLAINTIFF'S MOTION TO MODIFY AND LIMIT SUBPOENAS** has been prepared in accordance with Local Rule 5.1(C) (Times New Roman font, 14 point).

**FREEMAN MATHIS & GARY, LLP**

*/s/ Philip W. Savrin*
Philip W. Savrin
Georgia Bar No. 627836
psavrin@fmglaw.com
Adam P. Reichel
Georgia Bar No. 377812
adam.reichel@fmglaw.com

*Counsel for Defendant*
*Allied Insurance Company of America*

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing **MOTION TO STRIKE PLAINTIFF'S MOTION TO MODIFY AND LIMIT SUBPOENAS** with the clerk of court using the CM/ECF system, which will automatically send electronic mail notification and a copy of such filing to counsel of record who are CM/ECF participants, addressed as follows:

|  |  |
|---|---|
| Steven T. Sanders | Matthew R. Pearson |
| Sanders & Beller, P.C. | Jarryd Morton |
| P.O. Box 801088 | Pearson Legal, PC |
| Acworth, GA 3010 | 425 Soledad St. Suite 600 |
|  | San Antonio, TX 78205 |

This the 22nd day of September, 2023

**FREEMAN MATHIS & GARY, LLP**

*/s/ Philip W. Savrin*
Philip W. Savrin
Georgia Bar No. 627836
psavrin@fmglaw.com
Adam P. Reichel
Georgia Bar No. 377812
adam.reichel@fmglaw.com

*Counsel for Defendant*
*Allied Insurance Company of America*

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)



Jarryd S. Morton
jmorton@pearsonlegalpc.com

September 18, 2023

Philip W. Savrin
Adam P. Reichel
FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948
Via Email - psavrin@fmglaw.com
Via Email - adam.reichel@fmglaw.com

> Re: Civil Action No. 1:23-CV-02161-TCB; *The Meadows Unit Owners' Association, Inc., on its own behalf and on behalf of its members v. Allied Insurance Company of America*; In the United States District Court for the Northern District of Georgia Atlanta Division

Dear Counsel:

We received Allied Insurance Company of America's answers and responses to Plaintiff's written discovery requests. While we appreciate receiving the documents Defendant produced, I write to confer regarding Defendant's deficient discovery responses.

Claim File - RFP Nos. 2 & Privilege Log

As you know, Defendant identified December 1, 2021 as the date it first anticipated litigation because that is the date "Plaintiff's agent voice disagreement with the claim decision." *See* Answer to Interrogatory No. 12. However, disagreement with a claim determination is not the appropriate legal standard when determining "anticipation of litigation" to withhold documents as "work product," "confidential" or "proprietary." It is Plaintiff's position that any document listed in the privilege log prior to the date Plaintiff submitted its demand dated March 10, 2023 is not properly withheld.

Defendant agreed and participated in a second engineering inspection in early 2022 and in September 2022, Defendant's adjuster emailed Plaintiff indicating Allied was going to close its claim file. Clearly, the documents predating Plaintiff's demand were

created in the ordinary course of business and not obtained because of the prospect of litigation.

*See Carver v. Allstate Ins. Co.*, 94 F.R.D. 131, 134 (S.D. Ga. 1982) (determination of anticipation of litigation relies on the premise that the probability of litigating the claim is substantial and imminent).

Claim files "generally do not constitute work product in the early stages of litigation, when the insurance company is primarily concerned with 'deciding whether to resist the claim" *Underwriters Ins. Co. v. Atlanta Gas Light Co.*, 248 F.R.D. 663, 667 (N.D. Ga. 2008) (quoting *Thomas Organ Co. v. Jadranska Slobodna Plovidba*, 54 F.R.D. 367, 373 (N.D. III.1972)). Reports and statements taken by adjusters in the normal course of investigating a claim as activity conducted in the regular course of business of an insurer rather than in anticipation of litigation. *See Joyner v. Cont'l Ins. Companies*, 101 F.R.D. 414, 415 (S.D. Ga. 1983) (citing *Atlanta Coca-Cola Bottling Co. v. Transamerica Ins. Co.*, 61 F.R.D. 115 (N.D. Ga. 1972)).

A similar set of facts to this matter can be found in *Omni Health Sols., LLC v. Zurich Am. Ins. Co.*, 5:17-CV-00168-TES, 2018 WL 4701791 (M.D. Ga. Oct. 1, 2018), where the plaintiff's home was damaged by hail and plaintiff filed a claim with its insurer, Zurich American Insurance Company ("Zurich"). *Omni Health Sols., LLC v. Zurich Am. Ins. Co.*, 5:17-CV-00168-TES, 2018 WL 4701791, at *1 (M.D. Ga. Oct. 1, 2018). The Zurich adjuster denied Plaintiff's claim after an initial inspection. *Id*. at *1. Plaintiff conducted its own inspection and Zurich conducted a reinspection. *Id*. During litigation Zurich argued that its claim notes were protected by the work product doctrine made in anticipation of litigation. *Id*. Zurich claimed that the date of anticipated litigation was the date of the independent inspection and alleged this event as the time when both parties reached "a complete impasse on the issue of whether the roof had covered damage." *Id*. at *3.

The court rejected the Zurich's argument and considered the reinspection to be, "evidence that the disagreement between plaintiff and defendant regarding coverage was not, in fact, at an impasse. Rather, the defendant remained open to negotiation and responsive to plaintiff's requests, which does not indicate the level of adversarial imminence that would warrant protection of documents." *Id*. at *3. The court further held that the date of plaintiff's invocation of appraisal was the true date that all parties anticipated litigation. *Id*. *See Camacho v. Nationwide Mut. Ins. Co.*, 287 F.R.D. 688, 694 (N.D. Ga. 2012) (Anticipation of litigation can reasonably be determined by assessing the degree to which litigation is imminent).

Contrary to established precedent, in this case Allied seeks to withhold documents related to the early and ongoing stages of its investigation of Plaintiff's claim. Therefore, Plaintiff respectfully requests Defendant amend its Privilege Log to remove the references to documents existing prior to Plaintiff's demand dated March 10, 2023, and to produce those documents as responsive materials to Plaintiff's properly propounded Requests for Production no later than September 29, 2023.

Underwriting File – RFP No. 3

Defendant's underwriting file including its inspection, photographs and/or reports are properly discoverable as the condition of the property is directly at issue in this lawsuit. Therefore, please amend Defendant's response to respond fully and without objection and supplement with responsive documents no later than September 29, 2023.

Institutional Materials - RFP No. 5, 13, 15

Plaintiff requested Defendant produce policies, procedures and written guidelines in its Request for Production Nos. 5, 13, and 15. Defendant responded with a variety of objections and indicated information would be withheld as proprietary and/or confidential.  Defendant's objections are not valid. Defendant's policies, procedures, and written guideline concerning the handling and adjustment of Plaintiff's claims and allegations of breach of contract are relevant and discoverable.  As a means of compromise, Plaintiff is willing to enter into a Protective Order for the production of these documents. Please circulate your proposed protective order for our review at your earliest convenience but no later than September 27, 2023, so that it may be filed with the Court and Defendant's document production be supplemented no later than September 29, 2023.

Communications - RFP Nos. 7-9

This request relates to the alleged date of anticipation of litigation. For the reasons set forth above regarding the Claim File in RFP No. 2 & commentary on the privilege log, please amend Defendant's responses to Plaintiff's Request for Production numbers 7-9 to include all communications made in the ordinary course of business prior to March 10, 2023, and produce responsive documents no later than September 29, 2023.

Invitation to Confer

It is our goal to resolve this matter amongst ourselves and without the need for Court intervention. After you have had a chance to review this conferral letter, please contact our office to further discuss this conferral with Matthew R. Pearson.

Otherwise, we look forward to receiving Defendant's amended Privilege Log, amended responses to Plaintiff's Request for Production No. 2-3, 5, 7-9, 13, 15 and supplemental document production no later than September 29, 2023.

Respectfully,

Jarryd S. Morton